# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

ROBERT S. McCOMB,      **:**

     Plaintiff,      **:**      Case No. 3:12cv00203

 vs.      **:**      District Judge Timothy S. Black
                                                    Magistrate Judge Sharon L. Ovington

AEGIS SECURITY INSUR. CO,      **:**
ANTHONY BURLIO, and
MATT HAYES      **:**

     Defendants.      **:**

---

## REPORT AND RECOMMENDATIONS[1]

---

## I. <u>Introduction</u>

Plaintiff Robert S. McComb, a resident of Dayton, Ohio, brings this case *pro se* naming as Defendants Aegis Security Insurance. Co. and two of its employees, Anthony Burlio and Matt Hayes. Aegis Security Insurance is located in Harrisburg PA.

Plaintiff alleges in his Complaint that he purchased a rental insurance policy from Defendants on May 18, 2009. His apartment was burglarized in late May

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

2009; Matt Hayes was assigned as the claim examiner. Hayes appraised Plaintiff's

claim for $15,600.39. (Doc. #2, PageID at 23). Aegis Insurance paid Plaintiff

$6,632.82 by way of a property depreciation check. *Id*. at 24. Plaintiff claims that

Defendants owe him $9,893.47 and their failure to compensate him up to the full

$15,000.00 amount of the insurance policy constituted a breach of their duties

under his rental insurance policy . Plaintiff further claims that Defendants acted in

bad faith, breached their duty to act in good faith, violated "the Ohio Insurance

Practice Code/Statutes, Unfair Claims Settlement Practices under 3901-1-54, and

Ohio Deceptive Trade Practices Act when defendant forced Plaintiff to pay out of

pocket cost to further replace, repair, and retrieve plaintiff['s] stolen recoverable

items…." (Doc. #2, PageID at 30). Plaintiff further claims that Defendants

engaged "concerted and systemic illegal acts and effort of illegal acts under Zoppo

v. Homestead, UCC1, FEDERAL LAWS, STATE LAWS, STATUTES…, and

other guide lines acceptable to this cause of action … to deprive plaintiff of …

constitutionally secured rights …." (Doc. #2, PageID at 32)(capitalization in

original).

## II.    Standards of Review

The Court previously granted Plaintiff leave to proceed *in forma pauperis*.

The case is presently before the Court for a *sua sponte* review to determine

2

whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler,* 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

Determining whether a Complaint fails to state a claim upon which relief may be granted starts by accepting the plaintiff's allegations as true and construing the Complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009).

III.    **Discussion**

Plaintiff's *pro se* Complaint does not allege fantastic or delusional facts.

Consequently, his Complaint contains arguable factual basis. *See Lawler*, 898 F.2d

at 1199. ("Examples of claims lacking rational facts are prisoner petitions asserting

that Robin Hood and his Merry Men deprived prisoners of their access to mail or

that a genie granted a warden's wish to deny prisoners any access to legal texts.")

Plaintiff's Complaint seeks to raise state-law claims such as breach of

contract, breach of the duty to act in good faith, and violation of Ohio Deceptive

Trade Practices Act. This Court has subject matter jurisdiction over such claims

when the parties are citizens of different states and the amount in controversy

exceeds $75,000.00. *See* 28 U.S.C. §1332(a). Accepting Plaintiff's allegations as

true and construing his Complaint liberally in his favor, he is an Ohio citizen and

the named defendants are citizens of the Commonwealth of Pennsylvania.

Complete diversity of citizenship therefore exists. However, Plaintiff's Complaint

does not surmount the jurisdictional amount-in-controversy requirement. To

satisfy this requirement, "[i]t must appear to a legal certainty that the claim is

really for less than the jurisdictional amount to justify dismissal." *Kovacs v.*

*Chesley,* 406 F.3d 395-96 (6th Cir. 2005) (quoting *St. Paul Mercury Indemnity Co.*

*v. Red Cab* Co., 303 U.S. 283, 288-90 (1938) (emphasis omitted); *see Charvat v.*

*GVN Michigan, Inc.,*, 561 F.3d 623, 628 (6th Cir. 2009). When fully credited,

Plaintiff's allegations reveal that the amount he seeks to recover is far less than the

minimum statutory amount – above $75,000.00 – necessary to support this Court's

exercise of diversity jurisdiction. Plaintiff's total possible recovery from his rental

insurance policy was $15,000.00. Based on his allegations, the total money still

due him under the rental insurance policy is slightly less than $10,000.00 – an

amount well below the jurisdictional threshold of $75,000. Although he also seeks

to raise numerous claims under state law, he is not permitted double or multiple-

recovery of his actual damages of slightly less than $10,000.00. *See Bonner*

*Farms, Ltd. v. Power Gas Mktg. & Transmission, Inc.*, 504 CV 2188, 2007 WL

2463247 (N.D. Ohio Aug. 28, 2007) ("the fact that a plaintiff has separate and

independent causes of action in contract and in tort does not permit him to recover

more than the amount of damage actually suffered as a consequence of the injury

resulting from the wrongful breach of contract." (citations omitted)). It therefore

appears to a legal certainty that the amount in controversy at issue in this case does

not exceed $75,000.00 and is insufficient to satisfy the jurisdictional minimum set

by 28 U.S.C. §1332(a). This Court therefore lacks diversity jurisdiction over

Plaintiff's Complaint.

Turning to Plaintiff's claim that the named defendants violated his

constitutional rights, his allegations – again, when accepted as true and construed

liberally in his favor – do not reveal that any of the named defendants acted under the color of state or federal law. Without such allegations, the Complaint omits an essential element of a constitutional claim under 42 U.S.C. §1983. *See Westmoreland v. Sutherland*, 662 F.3d 714, 718 (6th Cir. 2011) (Section 1983 plaintiff must show that defendant violated a right secured by the Constitution and acted "under color of state law."). As a result, to the extent Plaintiff asserts that any of the named defendants violated his federal constitutional rights, his claims rest on an indisputably meritless legal theory.

Accordingly, for all the above reasons, Plaintiff's Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Complaint be DISMISSED without prejudice to renewal of his state-law claims in state court;

2.      The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3.      The case be terminated on the docket of this Court.


July 16, 2012

                                    s/Sharon L. Ovington
                                    Sharon L. Ovington
                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).